IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ATRELLA REYNOLDS,

    Plaintiff,

v.

AAA AUTO CLUB ENTERPRISES,

    Defendant.                      Case No. 12-cv-200-DRH-DGW

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

    This matter comes before the Court on Automobile Club of Missouri's ("ACMO") motion to dismiss (Doc. 77). In part, ACMO states it is incorrectly identified in plaintiff Atrella Reynolds' complaint as "AAA Auto Club Enterprises," an allegedly non-existent entity. Reynolds' response, in part, states ACMO is not and never was a party to this litigation and thus "lacks standing for any legal input." (Doc. 92-1). ACMO has filed a reply addressing Reynolds' above allegation, which the Court will consider (Doc. 97). ACMO attaches an affidavit of Carl Kraft, the manager of legal services for ACMO located at 12901 North Forty Drive, St. Louis, Missouri, 63141. Because ACMO submitted documents outside the pleading, the Court construes the motion to dismiss as one for summary judgment. *See* Fed.R.Civ.P. 12(b).

    The Federal Rules of Civil Procedure forbid a district court from acting on a summary judgment motion without giving the nonmovant a reasonable opportunity to respond. Fed.R.Civ.P. 56. A motion for summary judgment

should not be granted against a *pro se* litigant unless the *pro se* litigant receives clear notice of the need to file affidavits or other responsive materials and of the consequences of not responding. *See Timms v. Frank*, 953 F.2d 281, 284 (7th Cir. 1992). This "notice" should include a short, plain statement of the need to respond to a summary judgment motion, giving both the text of Rule 56(e) and an explanation of the rule in ordinary English. *Id*. If opposing counsel fails to provide the requisite notice then the district court should do so. *Id*.

Here, the Court must provide Reynolds with the proper notice as ACMO has not. Thus, the Court **DIRECTS** Reynolds to follow FEDERAL RULE OF CIVIL PROCEDURE 56, particularly Rule 56(e), in responding to the motion for summary judgment (Doc. 77). Rule 56(e) states:

> **(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> **(1)** give an opportunity to properly support or address the fact;
>
> **(2)** consider the fact undisputed for purposes of the motion;
>
> **(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
>
> **(4)** issue any other appropriate order.

Further, the Court **ADVISES** Reynolds that the failure to respond to the evidence presented in support of ACMO's motion for summary judgment with evidence of her own may result in the dismissal of her case with prejudice in favor of ACMO.  Specifically, any factual assertion will be taken as true by the Court unless Reynolds submits her own affidavits or other documentary evidence contradicting the assertion.  In other words, Reynolds cannot merely rely upon the allegations of her complaint to survive the motion for summary judgment. *See Bryant v. Madigan*, 84 F.3d 246, 248 (7th Cir. 1996).  A copy of Rule 56 of the Federal Rules of Civil Procedure is attached to this Order.

The Court **ALLOWS** Reynolds up to and including **September 9, 2013,** to respond to the motion or risk judgment being entered in favor of ACMO and against her.

**IT IS SO ORDERED.**

Signed this 9th day of August, 2013.

Digitally signed by
David R. Herndon
Date: 2013.08.09
09:19:20 -05'00'

**Chief Judge**
**United States District Court**