IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ATRELLA REYNOLDS,**

    **Plaintiff,**

**v.**

**AAA AUTO CLUB ENTERPRISES,**

    **Defendant.**　　　　　　　　　　　　**Case No. 12-cv-200-DRH-DGW**

### MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

This matter comes before the Court for purposes of case management. On August 9, 2013, the Court entered an Order and Notice, informing Reynolds of the need to properly respond to ACMO's motion to dismiss, converted by this Court into a Rule 56 motion for summary judgment (Doc. 77), by September 9, 2013. The Court attached a copy of Rule 56 to its Order and Notice and informed Reynolds that failure to respond to the evidence presented in support of ACMO's motion for summary judgment with evidence of her own may result in the dismissal of her case with prejudice in favor of ACMO.

On August 14, 2013, Reynolds filed what the Court would characterize as a sur-reply brief to ACMO's motion (which under normal circumstances are never allowed under this district's local rules) (Doc. 100). While Reynolds perhaps was under the impression that her sur-reply properly addressed ACMO's assertions within the parameters of Rule 56, it does not. She does not attach affidavits or other documentary evidence in contradiction of ACMO's assertions. The Court's

Order and Notice (Doc. 98) was sent to Reynolds on August 12, 2013. Thus, in an abundance of caution, in light of Reynolds' *pro se* status and the possibility that the Court's Order and Notice (Doc. 98) crossed in the mail with Reynolds' sur-reply (Doc. 100), the Court allows Reynolds an additional 30 days, up to and including **October 23, 2013**, to respond to ACMO's motion to dismiss, converted by this Court into a Rule 56 motion for summary judgment (Doc. 77). Thus, Reynolds is afforded another opportunity to counter ACMO's assertions by way of affidavit or other evidence, provided of course such evidence is submitted in good faith.

The Court again reminds Reynolds of the text of Rule 56(e):

Rule 56(e) states:

> **(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> **(1)** give an opportunity to properly support or address the fact;
>
> **(2)** consider the fact undisputed for purposes of the motion;
>
> **(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
>
> **(4)** issue any other appropriate order.

Further, the Court again **ADVISES** Reynolds that the failure to respond to the evidence presented in support of ACMO's motion for summary judgment with

evidence of her own may result in the dismissal of her case with prejudice in favor of ACMO. Specifically, any factual assertion will be taken as true by the Court unless Reynolds submits her own affidavits or other documentary evidence contradicting the assertion. In other words, Reynolds cannot merely rely upon the allegations of her complaint to survive the motion for summary judgment. *See Bryant v. Madigan*, 84 F.3d 246, 248 (7th Cir. 1996). A copy of Rule 56 of the Federal Rules of Civil Procedure is again attached to this Order.

The Court **ALLOWS** Reynolds up to and including **October 23, 2013,** to respond to the motion or risk judgment being entered in favor of ACMO and against her.

**IT IS SO ORDERED.**

Signed this 23rd day of September, 2013.

Digitally signed by David R. Herndon
Date: 2013.09.23 14:57:56 -05'00'

**Chief Judge
United States District Court**