IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ATRELLA REYNOLDS,

Plaintiff,

v.

AUTOMOBILE CLUB OF MISSOURI, a Missouri
nonprofit mutual benefit corporation,[1]

Defendant.                              Case No. 12-cv-200-DRH-PMF


## MEMORANDUM & ORDER

HERNDON, Chief Judge:

### I.  INTRODUCTION

Pending before the Court is a motion to dismiss, converted by this Court into a motion for summary judgment, *see* Fed. R. Civ. P. 12(d) (Doc. 98), filed by defendant Automobile Club of Missouri (ACMO) (Doc. 77), incorrectly identified in the complaint brought by Atrella Reynolds (Reynolds) as AAA Auto Club Enterprises (AAA).  Additionally, Reynolds moves for default judgment (Doc. 84). For the following reasons, Reynolds' motion is **DENIED** (Doc. 84) and ACMO's motion is **GRANTED** (Doc. 77).

---

[1] For the reasons stated below, Automobile Club of Missouri (ACMO) is the proper defendant to this action.  ACMO admits it is the proper defendant in this action. Reynolds cannot demonstrate ACMO is not the proper defendant in this action. Thus, in light of Reynolds' *pro se* status, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and in the interests of judicial economy and efficiency, **the Clerk is directed to substitute Automobile Club of Missouri as the defendant and terminate AAA Auto Club Enterprises as a party to this action.** *See also* Fed. R. Civ. P. 21 ("[T]he court may at any time, on just terms, add or drop a party.").

Page **1** of **10**

## II. BACKGROUND

Reynolds' complaint arises from a job fair she attended in St. Louis, Missouri. As a result of the job fair, Reynolds allegedly took part in a phone interview on September 15, 2010, for a sales position. Reynolds received email notification that she was not selected for the position. Reynolds sought an explanation as to why she was not selected. Reynolds alleges she did not receive an explanation (*See* Doc. 1, p. 3).

Thereafter, Reynolds filed a claim with the Equal Employment Opportunity Commission (EEOC) alleging "AAA Auto Club Enterprises," located at 12901 Outer Forty, Saint Louis, Missouri 63141, discriminated against her on the basis of race, sex, and age. The EEOC issued Reynolds a right-to-sue notice on November 23, 2011 (Doc. 1, p. 6).

Reynolds filed her employment discrimination complaint under Title VII of the Civil Rights Act of 1967 (Title VII), as amended, 42 U.S.C. § 2000e-5, and The Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, with this Court on March 2, 2012 (*Id.*). Reynolds' complaint alleges she received the EEOC right-to-sue notice on December 27, 2011 (*Id.* at p. 2). As demonstrated by the extensive docket sheet in this matter, the usually mundane issue of service of process has been much disputed in this action. Reynolds sought default judgment against AAA multiple times. This Court denied Reynolds' motions and dismissed Reynolds' complaint for failure to prosecute (Doc. 59). The Seventh Circuit vacated the dismissal and remanded to this Court on May 23, 2013. *See*

*Reynolds v. AAA Auto Club Enter.*, 525 F. App'x 488 (7th Cir. 2013) (per curiam). Thus, this Court directed AAA to show cause as to why default judgment should not be entered against it (Doc. 74). In response, ACMO moved to dismiss the complaint (Doc. 77), filed an answer to the complaint (Doc. 79), and filed a memorandum as to why default judgment should not be entered against it (Doc. 83). Reynolds renews her request for default judgment against AAA (Doc. 84). This Court has converted ACMO's motion to dismiss into a motion for summary judgment (Doc. 98). The Court provided Reynolds the requisite notice (Docs. 98 and 101), *see Timms v. Frank*, 953 F.2d 281, 284 (7th Cir. 1992), and allowed her two separate opportunities to respond to the converted motion.

### III.   STANDARD

Summary judgment is proper when the pleadings, discovery, and disclosures establish that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Winsley v. Cook Cnty.*, 563 F.3d 598, 602–03 (7th Cir. 2009); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The movant bears the initial burden of establishing the absence of fact issues and its entitlement to judgment as a matter of law. *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997) (citing *Celotex*, 477 U.S. at 323). Once the movant has shown the facts entitle it to judgment in its favor, the burden shifts to the non-moving party to identify some evidence in the record that establishes a triable factual issue. *Trentadue v. Redmon,* 619 F.3d 648, 652 (7th Cir. 2010).

### IV. LAW AND APPLICATION

#### 1. Default Judgment Denied; ACMO is Proper Defendant

This Court ordered AAA to show cause why default judgment should not be entered against it (Doc. 74). Not surprisingly, Reynolds also renews her request for default judgment against AAA (Doc. 84). FEDERAL RULE OF CIVIL PROCEDURE 60(b) allows a court to vacate a default judgment provided the moving party can demonstrate, "(1) 'good cause' for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint." *Jones v. Phipps,* 39 F.3d 158, 162 (7th Cir. 1994) (citing Fed. R. Civ. P. 60(b)(1)). In contrast, Rule 55(c) allows a court to vacate an entry of default on the basis of "good cause." *See* Fed. R. Civ. P. 55(c).

Importantly, in this instance, neither an entry of default pursuant to Rule 55(a) nor default judgment pursuant to Rule 55(b) has been entered against any defendant to this action. Thus, the stringent standard of Rue 60(b) does not apply and the Court will solely look to whether "good cause" exists for the failure to timely answer or otherwise respond to the complaint.

ACMO alleges Reynolds repeatedly attempted service upon a non-existent entity, AAA. ACMO provides the Court with an affidavit of Carl Kraft (Kraft), Manager of Legal Services for ACMO, located at 12901 North Forty Drive, St, Louis, Missouri, 63141 (Doc. 97, p. 6). Kraft alleges ACMO is the AAA-affiliated entity that Reynolds contacted in 2010 regarding employment. ACMO provides an email it sent Reynolds on September 21, 2010, stating, "[a]fter careful

consideration, we have identified other candidates whose educational background and professional experience were a more suitable match for this role. We encourage you to explore other career opportunities at www.AAA.com/careers." It is signed, "Human Resources Recruitment, The Automobile Club of Missouri" (*Id.* at p. 8). Kraft alleges there is no entity named "AAA Auto Club Enterprises" (*Id.* at p. 7).

This Court shall not recount the convoluted history of Reynolds' persistent attempts at securing the presence of a defendant in this action. However, it will echo the sentiments of the Seventh Circuit in noting:

> Atrella Reynolds applied for a job with "AAA Auto Club Enterprises," the name the organization used at the fair. She did not get the position and filed a charge of discrimination with the EEOC. It concluded that Reynolds wanted a job with AAA Missouri, one of many businesses that formerly used the title "American Automobile Club," and attempted to conciliate her grievance with AAA Texas. This is not as strange as the names suggest. "Auto Club Enterprises," an AAA business based in Southern California, has agreements with more than 20 AAA organizations across the nation to provide administrative services.

*Reynolds,* 525 F. App'x at 490.

This Court shares Reynolds' frustration at the admittedly confusing nature of the AAA-affiliated organizational structure. This confusion has obviously led to this case sitting virtually idle on this Court's docket for almost two years. However, according to ACMO, service was repeatedly attempted upon a misidentified, non-existent entity. Reynolds has not rebutted ACMO's evidence in support of its allegation that it is in fact the proper defendant. ACMO has demonstrated that it is in fact the proper defendant in this case. ACMO took swift

and extensive action in complying with this Court's show cause order. Thus, in light of the strong policy in favor of trial on the merits over default judgment, *see Cracco v. Vitran Express, Inc.,* 559 F.3d 625, 631 (7th Cir. 2009), the Court finds ACMO, the proper defendant to this action, has demonstrated good cause for its failure to timely answer the complaint. This Court shall not enter default judgment against ACMO. Thus, Reynolds' motion for default judgment is **DENIED** (Doc. 84).

### 2. Complaint is Dismissed as Untimely

Under Title VII and the ADEA, a plaintiff must file suit within 90 days of receipt of the EEOC right-to-sue notice. *See Houston v. Sidley & Austin,* 185 F.3d 837, 838-39 (7th Cir. 1999). ACMO argues Reynolds' complaint was not filed within 90 days of her receipt of the EEOC right-to-sue notice. The Seventh Circuit has held the 90-day period begins when the claimant receives actual notice of her right to sue. *Id.* at 839.

While it does not appear the Seventh Circuit has addressed the issue within the context of an EEOC right-to-sue notice, courts have applied a presumption that a plaintiff receives an EEOC notice between three and five days after issuance when the date of receipt is either unknown or dispute. *See Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1123-25 (9th Cir. 2007) (three day presumption); *Lozano v. Ashcroft,* 258 F.3d 1160, 1164 (10th Cir. 2001) (applying either three or five day presumption); *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 148 n. 1 (1984) (presuming, without discussion, three day

presumption of receipt after issuance date in reliance on then Rule 6(e), current Rule 6(d)); *see also Lloyd v. Sullivan*, 882 F.2d 218 (7th Cir. 1989) (stating, in context of Social Security Administration determination appeal, "unless proven otherwise, the receipt date is presumed to be five days from the mailing date"): *Jackson v. F.B.I.*, 2007 WL 2492069, *5 (N.D. Ill. Aug. 28, 2007) (Darrah, J.) (citing *Lloyd* and applying five day presumption in context of receipt of EEOC right-to-sue letter in Title VII case).

In support of its defense of untimeliness, ACMO offers the EEOC right-to-sue letter attached to Reynolds' complaint (Doc. 1, p. 6). It lists an issuance date of November 23, 2011. Directly below the date of November 23, 2011, it states: "(date mailed)" (*Id.*). Reynolds does not dispute that the EEOC letter was issued/mailed on November 23, 2011. However, while Reynolds' complaint alleges she received the EEOC right-to-sue letter on December 27, 2011, her later pleadings seem to back-pedal from this initial, certified statement, instead asking the Court to "assume" a receipt date of December 1, 2011. Thus, as the date of receipt is disputed and/or unknown, the Court feels a presumption of receipt is appropriate in this instance.

Applying a five day rule, Reynolds presumptively received the EEOC right-to-sue letter on Monday, November 28, 2011. 90 days from November 28, 2011, is Sunday, February 26, 2012. Thus, applying a five day presumption, Reynolds complaint would have been timely if filed on or before Monday, February 27,

2012. Her complaint of March 2, 2012, would of course be untimely and require dismissal.

As a presumption, the five day period is of course rebuttable. Reynolds' complaint states she received the EEOC right-to-sue letter on December 27, 2011, 34 days after its issuance (*Id.* at p. 2). Without explanation, Reynolds' later pleadings ask that this Court "assume" she received the EEOC right-to-sue letter on Thursday, December 1, 2011. Even if the Court allowed Reynolds an unheard of eight day presumption of receipt, which it shall not, Reynolds complaint would have been required to be filed by Wednesday, February 29, 2012, to be deemed timely. Reynolds has not overcome a presumption that she received the EEOC letter five days after its issuance/mailing. Thus, it was required to be filed by Monday, February 27, 2012, to be deemed timely. Reynolds did not timely file her complaint.

Notably, Reynolds' pleadings demonstrate that Reynolds' complaint most likely confused receipt of the Missouri Commission on Human Rights (MCHR) right-to-sue letter with receipt of the EEOC right-to-sue letter (*See* Docs. 100 and 102). As the MCHR right-to-sue letter was issued on December 20, 2011 (Doc. 1, p. 5), Reynolds summarily states "no deadlines were missed." Liberally construing Reynolds' arguments, it appears she alternatively cites the issuance of the MCHR right-to-sue notice on December 20, 2011, as a reason to equitably toll the 90 day limitation period applicable to her federal claims.

Equitable tolling is reserved for situations where a plaintiff, "has made a good faith error (e.g., brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time." *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001) (citing *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984)). The EEOC right-to-sue letter plainly states, "[y]our lawsuit must be filed **within 90 days of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time for filing suit based on a claim under state law may be different.)" (Doc. 1, p. 6) (emphasis in original). Reynolds does not allege that she filed suit in the wrong court, she does not bring state law claims, and she does not even admit that she filed this action more than 90 days after she received the EEOC right-to-sue letter. The sole fact that Reynolds was issued an MCHR right-to-sue letter on December 20, 2011, does not provide a basis for equitably tolling the federal limitation period. Reynolds' complaint filed on March 2, 2012, is untimely and thus must be dismissed. The Court **GRANTS** ACMO's motion for summary judgment (Doc. 77).

## V. CONCLUSION

For all of the above reasons, ACMO is the proper defendant to this action. ACMO has sufficiently shown cause as to why default judgment shall not be entered against it. Reynolds' motion for default judgment is **DENIED** (Doc. 84). ACMO's motion for summary judgment is **GRANTED** (Doc. 77). Reynolds'

complaint is dismissed with prejudice. Judgment shall be entered in favor of ACMO and against Reynolds. This file is closed.

**IT IS SO ORDERED.**

Signed this 19th day of February, 2014.

Digitally signed by
David R. Herndon
Date: 2014.02.19
16:09:40 -06'00'

**Chief Judge
United States District Court**